UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGELIO BOLUFE IZQUIERDO,

      Plaintiff,

    v.

WARDEN, ALLIGATOR
ALCATRAZ,

      Defendant,

Case No. 2:26-cv-35-KCD-NPM

/

## **ORDER**

Plaintiff Rogelio Bolufe Izquierdo, a civil immigration detainee, paints a grim picture of his time at the detention facility known as Alligator Alcatraz. He alleges severe abuse, coercive confinement, and psychological mistreatment that amounted to torture. (Doc. 1 at 1.)[1] Based on these allegations, Plaintiff seeks an emergency injunction to prevent Defendant from retaliating against him or his witnesses and to force the facility to preserve evidence. (Doc. 3.)

The Court takes allegations of unconstitutional conditions seriously. But Plaintiff's motion for emergency injunctive relief must be denied. The relief he seeks is simply not the kind a federal court can grant at this stage,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

and even if it were, he has not shown that an emergency injunction is actually necessary here.

There are two fundamental problems with his request. First, consider the exact nature of the relief sought. Plaintiff asks the Court to "[e]njoin Defendants from retaliating against [him] or witnesses" and preserve any relevant evidence. (Doc. 3 at 3.) In essence, he is asking Defendant to obey the law.

But that is not how injunctions work. Under Federal Rule of Civil Procedure 65(d), an injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." *Id.* As the Eleventh Circuit has repeatedly explained, broad "obey the law" injunctions are unenforceable because they lack the required specificity and merely instruct a defendant to do what the law already requires. *SEC v. Goble*, 682 F.3d 939, 949 (11th Cir. 2012); *see also Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999). An injunction is a precise tool designed to stop specific harms. It is not a generalized reminder to follow the Constitution.

Second, an injunction is a forward-looking remedy meant to prevent irreparable harm. To get one, a plaintiff must show that such harm is "likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Supreme Court has long held that a plaintiff's past

2

exposure to illegal conduct does not establish a present case or controversy for injunctive relief if it is unaccompanied by any continuing, present adverse effects. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff asks the Court to stop Defendant from retaliating against him or his witnesses. Yet he provides no specific facts or evidence to suggest that any such retaliation is actually being planned or is in any way impending. Without a concrete showing that irreparable harm is likely, rather than merely possible or speculative, the Court cannot grant this extraordinary relief.

Federal law already imposes strict duties on parties to preserve relevant evidence and to refrain from retaliating against a claimant. A specific court order duplicating these baseline duties is unnecessary absent a concrete showing of future harm. Plaintiff has provided no evidence or specific argument suggesting Defendant is skirting such obligations here. Accordingly, Plaintiff's emergency motion for injunctive relief (Doc. 3) is **DENIED**.

**ORDERED** in Fort Myers, Florida on February 23, 2026.

Kyle C. Dudek
United States District Judge

3