UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGELIO BOLUFE IZQUIERDO,

       Plaintiff,

   v.

                                   Case No. 2:26-cv-35-KCD-NPM

WARDEN, ALLIGATOR
ALCATRAZ,

       Defendant,

## **ORDER**

Rogelio Bolufe Izquierdo has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1) Now before the Court is a motion by non-party Haymel De La Vega, who seeks permission to represent Izquierdo as a "next-friend." (Doc. 12.)[1]

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to prosecute a habeas action himself. *See Whitmore v. Ark.*, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically[.]" *Id.* at 163. To demonstrate

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

"next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts, and (2) show she is "truly dedicated to the interests" of the real party. *Id.*

De La Vega has not met this standard. Although she holds a power of attorney from Izquierdo, there is no allegation that Izquierdo is mentally incompetent or has been denied access to the courts. Even so, this Court sees numerous pro se petitioners in immigration custody seeking relief who face the same conditions as Izquierdo and are able to litigate their petition. At bottom, De La Vega offers nothing beyond conclusory allegations to show that Izquierdo warrants any special protection by a next friend to litigate on his behalf.

Because De La Vega has not shown the propriety of "next friend" status, she lacks standing to intervene. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

What is more, even if there was next-friend status, De La Vega does not claim to be a lawyer. So she cannot represent Izquierdo here. *See Weber*, 570 F.2d at 514; *Marcia Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-I071-T-27AEP, 2011 WL 2981786, at \*2 (M.D. Fla. July 22, 2011) ("Under Rule 17(c), a representative does not have the right to appear on behalf of a minor or an incompetent person unless that representative is represented by counsel."); *Bey on behalf of Baxter v. Fla.*, No. 4:24CV517/MW/ZCB, 2025 WL 351425, at \*1 n.2 (N.D. Fla. Jan. 6, 2025); *Williams v. Billy*, No. 18-23529-CV, 2019 WL 2516590, at \*2 (S.D. Fla. June 3, 2019).

For these reasons, De La Vega's Motion for Leave to Proceed as Next Friend (Doc. 12) is **DENIED**.

**ORDERED** in Fort Myers, Florida on April 3, 2026.

Kyle C. Dudek
United States District Judge

3