UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROGELIO BOLUFE IZQUIERDO,

      Plaintiff,

      v.

ALLIGATOR ALCATRAZ
DETENTION CENTER,
GARDAWORLD FEDERAL
SERVICES, UNKNOWN
OPERATORS, OFFICERS, AND
SUPERVISORS JOHN/JANE
DOES 1-50,

      Defendant,

_____/

Case No. 2:26-cv-35-KCD-NPM

## **ORDER**

Sometimes, courts make mistakes. This is one of those times. When Plaintiff Rogelio Bolufe Izquierdo filed his pro se complaint, the Court took a quick look, characterized it as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and directed Defendants to show cause. But as Izquierdo rightly points out (Doc. 10)—and as a closer read of his complaint confirms—that was the wrong track.

To understand why, we need only look at what Izquierdo is actually asking for. He is not seeking immediate release from custody, which is the traditional hallmark of a habeas petition. Instead, he brings a civil rights action, seeking monetary damages and declaratory relief for what he

describes as unconstitutional conditions of confinement, psychological abuse, and retaliation. (*See* Doc. 1 at 1.) He explicitly grounds his claims in the Fifth and First Amendments, as well as *Bivens.* (*Id.* at 4-6.) Further, he alleges these events took place at a facility in Florida. That makes this a civil rights lawsuit, plain and simple. The Court should not have recharacterized it as a habeas proceeding.

Because the Court started off on the wrong foot, the ensuing procedural steps need a reset. Responding to our show-cause order, Defendants filed a motion to dismiss, understandably leaning heavily on the strict jurisdictional rules that apply to habeas petitions when a detainee is housed in another state. But because this is a civil rights case concerning events in Florida, the habeas framework does not apply. Defendants' motion to dismiss (Doc. 9) must therefore be denied, though without prejudice to raising whatever defenses are appropriate to the actual civil rights claims down the line.

That leaves the mechanical, but essential, issue of service. In its motion, Defendants correctly noted that if this were to proceed as a civil action, Izquierdo has not yet met the specific service requirements of Federal Rule of Civil Procedure 4(i). Because Izquierdo is proceeding pro se and *in forma pauperis* (Doc. 8), the Court will typically direct the United States Marshal to effectuate service on his behalf. Before we take that step, however, we need to know where Defendants stand.

2

Accordingly, it is **ORDERED**:

1. The Court's prior Order to Show Cause (Doc. 7) is **REVOKED**. The operative pleading shall be treated as a civil rights complaint.

2. Defendants' Motion to Dismiss (Doc. 9) is **DENIED without prejudice**.

3. On or before **April 22, 2026**, Defendants shall file a notice with the Court indicating whether they will waive formal service of process now that the nature of the suit has been clarified, or whether the Court must direct the United States Marshal to effectuate service.

**ENTERED** in Fort Myers, Florida on April 8, 2026.

Kyle C. Dudek
United States District Judge

3